**FILED**
**Jun 21, 2021**
**01:52 PM(CT)**
**TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT COOKEVILLE

| | | |
|---|---|---|
| **GERALDINE MANN,** | ) | **Docket No 2020-04-0059** |
| **Employee,** | ) | |
| **v.** | ) | |
| **ACA TRANSPORT, LLC,** | ) | **State File No. 12853-2020** |
| **Employer,** | ) | |
| **And** | ) | |
| **U.S. FIRE INS. CO.,** | ) | **Judge Robert Durham** |
| **Carrier.** | ) | |

---

## SECOND EXPEDITED HEARING ORDER DENYING BENEFITS

---

This case came before the Court on June 14, 2021 for a second Expedited Hearing. Ms. Mann sought benefits for an alleged neck, upper back, and right arm injury. ACA Transport argued she failed to prove causation or provide timely notice of her injury. The Court holds that Ms. Mann did not provide sufficient evidence to change the Court's previous ruling that she is not likely to prove causation. Given this holding, the Court need not address notice.

### History of Claim

On December 29, 2020, the Court entered an Expedited Hearing Order denying Ms. Mann's request for benefits because she did not show a likelihood of proving causation.[1] Ms. Mann appealed, and the Appeals Board affirmed the Court's decision. At this hearing, the parties stipulated to the admissibility of both the exhibits and the transcript of the first hearing. Further, the Court attaches its December 29, 2020 order, incorporates it by reference, and will summarize only the evidence provided at this hearing.

Ms. Mann called ACA's owner, Aldon Allen, to testify regarding her exchanges

---

[1] At the time of the first hearing, Ms. Mann also had a claim pending in Missouri but stated she would dismiss it. She has since done so.

1

with him and her supervisor, Ron Sias, about the alleged September 11, 2019 injury at issue. Mr. Allen agreed that Ms. Mann sent him a text message on September 11 that stated she was having difficulty pulling the fifth wheel pin on her trailer; however, he denied that she told either he or Mr. Sias that she actually hurt herself when doing so. Instead, Mr. Allen reiterated his previous testimony that he did not know Ms. Mann was alleging a work-related injury until she sent another text on October 31. He specifically denied that she told him in-person on October 4 as Ms. Mann alleged, or that he ignored her attempts to tell him.

Mr. Allen acknowledged that Ms. Mann asked him about health insurance because she needed to see a doctor; however, he asserted he did not know it was because of an alleged work injury until October 31. He said he offered her health insurance, but she declined it because of the cost.

The parties also disagreed about an incident in Texas where Ms. Mann reported a work-related injury to her hand. Mr. Allen testified that when she told him of that incident, he reported her claim to his carrier and coordinated treatment. He disputed her assertions that she had to find the clinic on her own, and that it was not until she told him that the clinic would not see her unless authorized by workers' compensation insurance that he turned in the claim to the carrier.

Mr. Allen also agreed that he and Mr. Sias had dinner with Ms. Mann and another employee, Jeri Klinefelter, in December 2019. Ms. Mann testified that she told Mr. Allen and Mr. Sias that she was still in a lot of pain from her injury, and Ms. Klinefelter corroborated this testimony in a Rule 72 statement. Mr. Allen disagreed.

For his part, Mr. Allen provided text messages between he and Ms. Mann from her hire date through October 16, 2019. While Ms. Mann referenced back pain due to sleeping on a bad mattress on several occasions, she did not request medical treatment in the texts and did not reference a September 11 work injury or any complaints involving her neck, upper back, or right arm.

Ms. Mann agreed the texts did not make a specific reference to a work injury, but she said that she also spoke regularly with Mr. Allen and Mr. Sias over the telephone and these conversations were not reflected in the texts. She maintained that she repeatedly told Mr. Sias and Mr. Allen about her work injury and her need for treatment. She only asked about health insurance because they refused to acknowledge her work-related injury and she needed to see a doctor.

She also addressed the omission of any back or neck complaints from the DOT physicals. She testified that when the questionnaire asked about her "general medical history" she did not realize that she should include her current medical condition.

Ms. Mann entered hundreds of pages of medical records as exhibits, including records from before she began working for ACA. None of these records show Ms. Mann complaining of neck, upper back, or right arm complaints after she recovered from a cervical fusion in 2014.

The records also contain notes regarding her medical treatment with Family Nurse Practitioner, Malissa Phillips after ACA denied her claim. Those notes document that Ms. Mann underwent extensive conservative treatment, including several weeks of physical therapy. Additionally, an EMG showed she suffers from moderate carpal tunnel syndrome in her right hand, although this does not correspond to her complaints. She is still receiving steroids and other medications from NP Phillips to manage her symptoms.

On April 22, 2021, NP Phillips wrote a letter stating that Ms. Mann continues to suffer from neck pain that radiates through both shoulders and into her mid-back. She also suffers from decreased grip strength and tingling in her fourth and fifth fingers. NP Phillips stated that these symptoms were "directly related" to her job with ACA. However, this note was not approved by a medical doctor, and no doctor has found a causal relation between Ms. Mann's symptoms and her alleged work injury.

### Findings of Fact and Conclusions of Law

Ms. Mann must show she would likely prevail at trial on her request for benefits. Tenn. Code Ann. § 50-6-239(d)(1) (2020); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

Ms. Mann must prove an accidental injury that was "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment[.]" Tenn. Code Ann. § 50-6-102(14)(A). She must prove this causal connection by a "reasonable degree of medical certainty," which requires an expert medical opinion. Tenn. Code Ann. § 50-6-102(14)(C).

In its previous order, the Court found that if Ms. Mann showed she was likely to prove a work-related injury on September 11, 2019, she would be entitled to a "causation specialist" evaluation based on the referral of NP Robertson, which was approved by Dr. Wakeman. Tenn. Code Ann. § 50-6-204(a)(3)(A)(ii). However, the Court held that she failed to carry this burden due to her lack of credibility regarding the occurrence of the alleged accident. At this hearing, Ms. Mann must overcome the inconsistent history that led the Court to deny her request. The Court holds she did not.

First, Ms. Mann offered no additional evidence to corroborate her allegation that she suffered an injury on September 11. She produced no witnesses confirming her account other than Ms. Klinefelter's Rule 72 Statement, which she submitted at the

3

original hearing.

Second, Mr. Allen did not retract his previous testimony that Ms. Mann never reported a work-related injury until October 31. In fact, Mr. Allen reinforced his testimony by offering numerous text messages between him and Ms. Mann from her hire date through October 16. These texts, unchallenged by Ms. Mann, do not mention that she suffered a work injury on September 11. Further, while she referred to "back pain" due to sleeping on a faulty mattress on several occasions, she never described neck, upper back, or right upper extremity pain because of an injury.

Third, Ms. Mann did not offer evidence to counter or explain why neither her October 8 nor January 13 DOT exams mention neck, upper back, or right upper extremity symptoms. She said she did not understand the question meant her current problems. The Court is not persuaded by this statement. Moreover, Ms. Mann did not explain how she continued to work regular duty without restrictions until her termination from ACA for reasons unrelated to a physical inability to do the job. Ms. Mann also did not explain NP Robertson's statement, approved by Dr. Wakeman, that she could not attribute Ms. Mann's February complaints to an October injury given that she had a normal DOT exam in January.

Fourth, though she submitted an April 2021 letter from NP Phillips which stated her symptoms were "directly related" to her employment with ACA, nothing in the records show whether NP Phillips reviewed Ms. Mann's history with other providers or relied on anything other than her account to support this opinion. More importantly, the Appeals Board has held that a nurse practitioner's opinion, standing alone, is not enough to establish causation; a doctor's expertise is required. *Noel v. EAN Holdings, LLC*, TN. Wrk. Comp. App. Bd., LEXIS 6, at *5, (January 19, 2017).[2]

The Court is sympathetic to Ms. Mann's situation, but it cannot find that she is likely to prevail at a hearing on the merits, and her claim for benefits is denied.

**IT IS, THEREFORE, ORDERED**:

1. Ms. Mann's claim for additional benefits is denied at this time.

2. This case is set for a Scheduling Hearing on **Thursday, July 29, 2021, at 9:30 a.m. Central Time.** The parties must call 615-253-0010 or 855-689-9049 toll-free to participate in the Scheduling Hearing. Failure to appear might result in a determination of the issues without the party's participation.

---

[2] Ms. Mann correctly points out that NP Robertson is also a nurse-practitioner; however, her statement is signed, and presumably agreed to, by Dr. Wakeman, a medical doctor. In addition, the burden of proof is on Ms. Mann, not ACA, to establish a competent medical opinion.

**ENTERED June 21, 2021.**

ROBERT DURHAM, JUDGE
Court of Workers' Compensation Claims

**APPENDIX**

Technical Record:
1. Expedited Hearing Order
2. Request for Expedited Hearing
3. ACA's Motion to Dismiss Request for Expedited Hearing
4. Ms. Mann's Response to Motion to Dismiss
5. Order Denying Motion to Dismiss
6. Ms. Mann's Pre-Hearing Brief
7. ACA's Pre-Hearing Brief

Exhibits:
1. Medical records from various providers
2. Texts between Ms. Mann and Mr. Allen
3. Transcript of initial Expedited Hearing
4. Exhibits from initial Expedited Hearing

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on June 21, 2021.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Geraldine Mann | X | | X | 1800 Baron Drive, Apt. K-2 Bolivar, MO 65613 |
| Emmie Kinnard | | | X | ekinnard@ortalekelley.com jarmstrong@ortalekelley.com |

**PENNY SHRUM, COURT CLERK COURT**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

5



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*